**Hira SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–72006.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.[*]

Decided Dec. 14, 2004.

R.App. P. 34(a)(2).

---

Ashwani K. Bhakhri, Esq., Burlingame, CA, for Petitioner.

Regional Counsel Western Region Immigration & Naturalization Service, Laguna Niguel, CA, and Oil, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, ALARCÓN and TROTT, Circuit Judges.

## MEMORANDUM **

Hira Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Where the BIA has reviewed the IJ's decision and incorporated parts of it as its own, we review those parts of the IJ's decision as the BIA's. *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002). We review the

BIA's adverse credibility finding for substantial evidence. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility finding. *See id.* at 1045. The record shows that the BIA and IJ had reason to question Singh's credibility and gave Singh the opportunity to gather and produce corroborating evidence. Singh failed to produce material, easily available corroborating evidence or to offer a credible explanation for his failure. *See Sidhu v. INS*, 220 F.3d 1085, 1091–92 (9th Cir.2000).

In particular, Singh failed to corroborate his testimony that he and Bhinder Singh are brothers, even though Singh's claims were based on police beatings received because of his alleged brother's political activity. Evidence establishing the relationship should have been easily available from Singh's father in India, from whom Singh obtained four statements, from his brother Mukhtiar, whom Singh testified lives in the United States, or from Bhinder himself, who apparently received asylum in the United States. *See Chebchoub*, 257 F.3d at 1044–45 (requiring easily obtainable affidavits from family members and individuals in the United States). Singh's explanations do not compel excuse of the failure, particularly because he was granted a continuance for the sole purpose of gathering the evidence. *See Sidhu*, 220 F.3d at 1091 (applicant must be given opportunity to explain failure to produce corroborating evidence).

Because Singh failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v.*

---

*Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Singh's claim under the CAT also failed because he did not establish it is more likely than not that he would be tortured if he returned to India. *See Reyes–Reyes v. Ashcroft,* 384 F.3d 782, 787 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.